**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| MARY D. STOKES,<br><br>                      Plaintiff,<br><br>vs.<br><br>LINDA S. McMAHON,[1]<br>Acting Commissioner,<br>Social Security Administration,<br><br>                      Defendant. | Case No. 05-CV-539-FHM |

**ORDER**

Plaintiff, Mary D. Stokes, seeks judicial review of a decision of the Commissioner of the Social Security Administration denying Social Security disability benefits.[2] The parties have consented to proceed before a United States Magistrate Judge in accordance with 28 U.S.C. § 636(c)(1) & (3).

**Standard of Review**

The role of the court in reviewing the decision of the Commissioner under 42 U.S.C. § 405(g) is limited to a determination whether the record as a whole contains substantial evidence to support the decision and whether the correct legal standards were applied. *See Briggs ex rel. Briggs v. Massanari*, 248 F.3d 1235, 1237 (10th Cir. 2001); *Winfrey v.*

---

[1] Effective January 22, 2007, pursuant to Fed. R. Civ. P. 25(d)(1), Linda S. McMahon, Acting Commissioner of Social Security, is substituted as the defendant in this action. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

[2] Plaintiff's May 16, 2003, application for disability benefits was denied initially and on reconsideration. A hearing before Administrative Law Judge ("ALJ") Gene M. Kelly was held September 7, 2004. By decision dated February 13, 2005, the ALJ entered the findings that are the subject of this appeal. The Appeals Council affirmed the findings of the ALJ on September 23, 2005. The decision of the Appeals Council represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

*Chater*, 92 F.3d 1017 (10th Cir. 1996); *Castellano v. Secretary of Health & Human Servs.,* 26 F.3d 1027, 1028 (10th Cir. 1994). Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed.2d 842 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). The court may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Casias v. Secretary of Health & Human Servs.,* 933 F.2d 799, 800 (10th Cir. 1991). Even if the court would have reached a different conclusion, if supported by substantial evidence, the Commissioner's decision stands. *Hamilton v. Secretary of Health & Human Servs.,* 961 F.2d 1495 (10th Cir. 1992).

## Background

Plaintiff was born November 15, 1957, and was 46 years old at the time of the hearing. She has a high school education and formerly worked as nurse aide, nurse assistant and sewing machine operator. She claims to have been unable to work since February 19, 2003, as a result of osteoarthritis, rheumatoid arthritis, diabetes, back pain and depression. The ALJ determined that Plaintiff's impairments limit her to a wide range of light level work activity to include the ability to work and carry 20 pounds, stand and/or walk 6 hours of an 8-hour workday at 45 minute intervals and sit 6 hours of an 8-hour workday at 45 minute intervals. She is limited to performing simple repetitive and routine work and is slightly limited in contact with the public, coworkers and supervisors. [R. 25]. The ALJ determined that with these impairments Plaintiff is unable to perform her past relevant work. However, based on the testimony of the vocational expert, the ALJ determined that there are a significant number of jobs in the national economy that Plaintiff

could perform with these limitations. The case was thus decided at step five of the five-step evaluative sequence for determining whether a claimant is disabled. *See Williams v. Bowen*, 844 F.2d 748, 750-52 (10th Cir. 1988) (discussing five steps in detail).

## Issues

Plaintiff asserts that the ALJ's determination is not supported by substantial evidence. Specifically, Plaintiff argues that the ALJ: ignored the possibility that Plaintiff's pain disorder and cognitive disorder could be severe impairments at step 2; failed to mention or discuss the listing for somatoform disorders and failed to properly consider the listings for the mental limitations he found to be present; found Plaintiff could perform jobs that did not match her residual functional capacity; and failed to perform a proper credibility examination.

The Court concludes that the record contains substantial evidence supporting the ALJ's denial of benefits in this case, and that the ALJ applied the correct standards in evaluating the evidence. Therefore the Commissioner's denial of benefits is AFFIRMED.

## Somatoform Disorder

At several points in Plaintiff's briefing mention is made of a "somatoform disorder." The Court notes that the record contains no diagnosis or even mention of somatoform disorder. Furthermore, insofar as the listing for somatoform disorders, 20 C.F.R. Pt. 404, Subpt. P, App.1, §12.07, describes the condition as "[p]hysical symptoms for which there are not demonstrable organic findings or known physiological mechanisms," the term does not appear to apply to Plaintiff's conditions, as she suffers from several demonstrated

physical conditions that explain her symptoms. Since the medical record contains no mention of somatoform disorder, the ALJ's failure to discuss it is not error.

## Step Two

Plaintiff's argument that the ALJ failed to discuss the impact of Plaintiffs pain and cognitive disorder on her ability to work is not supported by the record. Based on the opinion of the psychological consultative examiner, the ALJ limited Plaintiff to the performance of simple repetitive routine tasks which accommodates her cognitive disorder. [R. 24]. To accommodate Plaintiff's elbow pain, she was limited to work only occasionally requiring overhead reaching. [R. 25]. Further, Plaintiff's exertional work load was limited to light and sedentary work with frequent positional changes to accommodate her other complaints.

## Listings

The Listing of Impairments describe, for each of the major body systems, impairments which are considered severe enough to prevent a person from performing any gainful activity. It is well established that it is Plaintiff's burden to show that her impairment is equivalent to a listing. *Williams v. Bowen*, 844 F.2d 748, 750 (10th Cir. 1988). It is also well established that *all* of the specified medical criteria must be matched to meet a listing. An impairment that manifests only some of the criteria, no matter how severely, does not qualify. *Sullivan v. Zebley*, 493 U.S. 521, 531, 110 S.Ct. 885, 891, 107 L.Ed.2d 967 (1988). For mental health listings to qualify as presumptively disabled, a claimant must meet two sets of criteria: the "A" criteria, which are various documented medical findings, and the "B" criteria, which address various domains of functioning.

Plaintiff argues that the case should be remanded because the ALJ did not consider the paragraph "B" domains of function in conjunction with his discussion of Listings § 12.04 (affective disorders) and § 12.06 (anxiety-related disorders). Under the "B" criteria, a mental disorder must result in two of the following:

1. Marked restriction of activities of daily living; or
2. Marked difficulties in maintaining social functioning; or
3. Marked difficulties in maintaining concentration, persistence, or pace; or
4. Repeated episodes of decompensation, each of extended duration.

20 C.F.R. Pt. 404, Subpt. P, App.1, 12.01, *et seq.*

The ALJ discussed Plaintiff's activities of daily living, noting she performs household chores and does cooking, reads, shops and watches television. The ALJ did not discuss Plaintiff's social functioning, however, nothing in the record suggests Plaintiff has any trouble in that regard. The assertion in her brief that "[s]he lives a life of social isolation," [Dkt. 15, p. 3], is not supported by the record. On forms Plaintiff completed in connection with her application for benefits, Plaintiff stated she plays bingo weekly and visits with friends and relatives three times a week. [R. 101]. Further, the consultative examiner found no limitation in the area of social interaction. [R. 334].

There is nothing in the medical record to suggest Plaintiff has had "repeated episodes of decompensation, each of an extended duration." Plaintiff argues that her testimony that she made a suicide attempt satisfies this aspect of the "B" criteria. However, there are no treatment records related to any suicide attempt and Plaintiff's own testimony places the event in 2001, well before Plaintiff's claimed onset date of February 2003. While it would have been preferable for the ALJ to have discussed the foregoing in the context

of the "B" criteria, it is clear that the record does not support a finding of disability under the Listings.

## Job Findings

Plaintiff argues that the ALJ's findings that she has a "slight" limitation on fingering, feeling and grasping and is restricted to a low noise environment are inconsistent with the jobs identified by the vocational expert. In addition, she argues that all of the jobs identified by the vocational expert are inconsistent for an individual limited to simple instructions. In support of her argument, Plaintiff points to the requirements for the jobs as listed in the Dictionary of Occupational Titles (DOT). Whenever a vocational expert's testimony conflicts with the DOT, the deviation must be explained by the vocational expert. *Haddock v. Apfel,* 196 F.3d 1084, 1087 (10th Cir. 1999). Here, however, there is no conflict to be explained.

Although the ALJ found Plaintiff is "slightly limited in fingering, feelings [sic] and grasping," [R. 25], in his hypothetical questioning to the vocational expert, he clarified that limitation, as follows:

> In having the slight limitation in finger feel and grip, I'm not saying she can't work with her hands and fingers, but she shouldn't be doing small, tedious things with her hands and fingers. She should put her kid's bicycle together maybe but she might not be able to work with her kids' erector set.

[R. 412]. The jobs identified by the vocational expert are not precluded by the limitations the ALJ found to exist concerning Plaintiff's use of her hands. The ALJ similarly qualified the "low noise" limitation:

> In limiting the low light and low noise, I'm not trying to restrict a routine ordinary business, commercial, educational type noise or light environment, but if she's going to be outside in

6

>bright sunlight all day flagging trucks by or on a foundry floor or working around bright photo plugs, I want to restrict that type of work activity.

[R. 412]. The DOT listings for the jobs the vocational expert identified do not exceed the qualified noise limitation.

The ALJ limited Plaintiff to performance of simple, repetitive routine work. The jobs identified by the vocational expert are assigned a reasoning level of 2. Plaintiff argues that a reasoning level of 2 is "inconsistent for an individual limited to simple instructions." [Dkt. 15, p. 5]. Reasoning level 2 is one of 6 levels of reasoning development that are assigned to jobs in the DOT. Level 1 is the lowest level and 6 is the highest. Level 2 requires the ability to: "Apply commonsense understanding to carry out detailed but uninvolved written or oral instructions." *Dictionary of Occupational Titles* (U.S. Dept. of Labor 4th ed. 1991), Appendix C, p. 1011. The Court disagrees that reasoning level 2 is precluded by the ALJ's findings. The reasoning development level in the DOT addresses the degree of analytical problem solving required by a job. That the jobs identified involve carrying out detailed, but uninvolved instructions indicates that every step of the process is defined, but that the process is fairly simple, ie. uninvolved. Nothing about that circumstance is inconsistent with the ALJ's findings. The case cited by Plaintiff in support of her argument concerning the reasoning level, *Hackett v. Barnhart*, 395 F.3d 1168, 1176 (10th Cir. 2005) does not support remand in this case. In *Hackett*, the Court remanded the case because there was a conflict between the Plaintiff's ability and the level 3 reasoning required by the jobs identified. In that case the ALJ found: "Mentally, [Plaintiff] retains the attention, concentration, persistence and pace levels required for simple and routine work tasks." *Id*. The Court found that residual functional capacity was not consistent with jobs having a level

3 reasoning requirement but noted that a level 2 reasoning appeared to be consistent with the residual functional capacity finding.  *Id.*

### **Credibility**

The Court rejects Plaintiff's argument that the ALJ ignored or overlooked evidence and culled isolated bits of information from the record to support his credibility conclusion. The ALJ accurately summarized the record and explained his reasons for discounting claimant's pain allegations, including Plaintiff's own testimony about her activities, relatively moderate symptoms reflected in the medical record, functional range of motion, and no functional limitations placed on her activity by any treating physician. [R. 24, 25].  Because the ALJ properly linked his credibility finding to the record, the court finds no reason to deviate from the general rule to accord deference to the ALJ's credibility determinations. *James v. Chater,* 96 F.3d 1341, 1342 (10th Cir. 1996) (witness credibility is province of Commissioner whose judgment is entitled to considerable deference).

Contrary to Plaintiff's suggestion otherwise, the ALJ had no duty to contact the physician at Pawnee Indian Health Service Clinic who rendered the opinion: "Mary Stokes suffers from chronic low back and would not be able to work full time on a regular basis." [R. 308].  The ALJ's duty to contact a medical source for additional information is triggered when the evidence is inadequate for the ALJ to make a determination of disability.  20 C.F.R. § 404.1512(e); *cf. White v. Barnhart*, 287 F.3d 903, 908-09 (10th Cir. 2001) (noting rejection of treating physician opinion does not trigger the duty to recontact when record is adequate for consideration).

The Court finds no error in the ALJ's treatment of the opinions of Drs. Ellis and Hastings who evaluated Plaintiff for workers' compensation purposes.  As a matter of fact,

their opinions do not support a finding of disability under the Social Security rules.  Dr. Ellis found Plaintiff was temporarily totally disabled from December 14, 2001 to January 7, 2002 and again from November 6, 2002 until December 20, 2002. [R. 128].  In a report dated April 15, 2002, Dr. Hastings found Plaintiff was temporarily totally disabled from December 14, 2001 to January 7, 2002. [R. 312].  Notably, neither physician found Plaintiff unable to work.

## **CONCLUSION**

The Court finds that the ALJ evaluated the record in accordance with the legal standards established by the Commissioner and the courts.  The Court further finds there is substantial evidence in the record to support the ALJ's decision.  Accordingly, the decision of the Commissioner finding Plaintiff not disabled is AFFIRMED

SO ORDERED this 2d day of February, 2007.

*Frank H. McCarthy*
**FRANK H. McCARTHY**
UNITED STATES MAGISTRATE JUDGE